UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY S. VAN HUISEN,

       Plaintiff,

    v.

CHIEF OF STAFF NAVY, et al.,

       Defendants.

Case No. 24-cv-07015-PCP

**ORDER OF DISMISSAL**

Dkt. Nos. 2, 5, 8

Gregory Van Huisen, an inmate at the California State Prison for Los Angeles County, filed this *pro se* civil rights action under 42 U.S.C. § 1983. He sues the Chiefs of Staff of the Navy and the Army, the Director of the California Department of Corrections and Rehabilitation, four staff members at Mule Creek Statef Prison, and "8 possibly 9 real defendants." Dkt. No. 1 at 2.

The Complaint is now before the Court for review under 28 U.S.C. § 1915A. Mr. Van Huisen's Complaint is dismissed with prejudice because it does not state a claim for relief.

**I.    Background**

Mr. Van Huisen summarizes his claim(s) as follows:

> Core Terms – Claim 1, [ Infamous Crime]; [Deforcement]. [Reasonable Belief]; [Legal Cause]; [Usurpation]; Claim 2: [Usurpation]; [Housing], [Indispensable Party]; Patrician; Plaintiff and Victim. Claim 3: [Intimidate]; [Tenure in Capite]; Lost Leader; Involuntary Servitude. Claim 4:. [Deliberate] Indifference, [Illegal Contract]; [Moerda]; [Bushwacker]; Assassination. Claim 5:, [Aestimatid Capitis] Sic. Rights – Fine Imposed, [Operative Part]; [Morta]; Unlawful Killing; [Partisan]; [Semper Ubimwe Et Abomnibus]. Claim 6: Prison Conditions, [Wasting Asset Corporation]; Health Code, [Partisan Feeling]. Claim 7: Reversion/Exhaustion. Nuisance – Nemo damnom Facit, nisi qui id fecit quod facere jud non habet, "no one does harm except the person who does that which he has no right to do. Trespass; [Partisan Feeling], and Cogitations Poenam Nemo Patitur, "No one suffers punishment for his thoughts." Tyranny Now Seven Year War, "When England and Prussia Defeated France, Austria, Russia, Sweden and

United States District Court
Northern District of California

1

2

Saxony." Magna Carta, "By Abolishing the Free System of English Laws in a Neighbouring Province." Sic Itur Ad Astra, This One Goes to the Stars." Stars and Stripes.

3

Compl. at 3–4. Mr. Van Huisen fills fourteen pages with difficult-to-decipher statements and

4

quotations from religious sources, films, and unknown texts. *See id.*

5

**II.     Legal Standard**

6

Federal courts must screen any case in which a prisoner seeks redress from a governmental

7

entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must

8

identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim

9

upon which relief may be granted, or seek monetary relief from a defendant immune from such

10

relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v.*

11

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12

**III.    Analysis**

13

Mr. Van Huisen does not state any claim for relief. Although he mentions housing and

14

"health code," Mr. Van Huisen does not identify any injury that has been done to him, nor does he

15

provide any facts to support any of his allegations. *See generally id.* The Complaint does not

16

inform the Court who injured Mr. Van Huisen, how he was injured, where and when he was

17

injured, and why he believes this injury was unlawful. Accordingly, Mr. Van Huisen has failed to

18

state a claim.

19

In addition, Mr. Van Huisen does not appear to have named proper defendants. Although

20

he sues four employees of Mule Creek State Prison, he does not identify any way in which these

21

persons caused him harm. *See generally* Compl. Mr. Van Huisen's lawsuit is improper as to the

22

Navy and Army Chiefs of Staff and the CDCR Director because he identifies no way in which

23

those defendants even interacted with him, let alone caused him harm. *See id.*

24

Mr. Van Huisen mentions confusion and possible errors regarding his release date. See

25

Compl. at 6–7. To the extent Mr. Van Huisen seeks earlier release from confinement, that request

26

must be made in a habeas action. *See Skinner v. Switzer*, 562 U.S. 521, 533–34 (2011) (explaining

27

that habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'"

28

from confinement).

United States District Court
Northern District of California

2

1    In this District alone, Mr. Van Huisen has filed eleven civil rights lawsuits with similarly

2  difficult to understand and often impossible allegations, often against improper defendants.[1] When

3  given an opportunity and detailed instructions on how to amend, Mr. Van Huisen has failed to

4  correct these defects. *See, e.g.*, *Van Huisen v. Lafrades*, Case No. 23-cv-4800-PCP. Although

5  district courts generally afford prisoner litigants the opportunity to amend their complaint, a

6  district court may deny leave to amend if it finds any of: "(1) bad faith, (2) undue delay, (3)

7  prejudice to the opposing party, (4) futility of amendment; [or] (5) [the] plaintiff has previously

8  amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

9    Here, in light of Mr. Van Huisen's history of filing meritless actions, the Court concludes

10  that leave to amend would be futile and should not be granted. *Janicki Logging Co. v. Mateer*, 42

11  F.3d 561, 566 (9th Cir. 1994) (leave to amend need not be given where amendment would be

12  futile).[2]

13  **IV.    Conclusion**

14    This action is dismissed for failure to state a claim upon which relief may be granted.

15  Because amendment would be futile, dismissal is without leave to amend.

16    The Court certifies that any appeal of this order is not taken in good faith.

17    The Clerk shall terminate all pending motions and close the file.

18    **IT IS SO ORDERED**.

19  Dated: July 17, 2025

20  _____

21  P. Casey Pitts
    United States District Judge

---

[1] *See Van Huisen v. Goss*, Case No. 23-cv-4210-PCP; *Van Huisen v. Gates*, Case No. 23-4447-PCP; *Van Huisen v. Central Intelligence Agency*, Case No. 23-4591-PCP; *Van Huisen v. United States Air Force*, Case No. 23-cv-4753-PCP; *Van Huisen v. Lafrades*, Case No. 23-cv-4800-PCP; *Van Huisen v. Volkswagen Motors*, Case No. 23-cv-4866-PCP; *Van Huisen v. Burns*, Case No. 23-cv-4914-PCP; *Van Huisen v. DiCaprio*, Case No. 23-cv-5081-PCP; *VanHuissen v. Warner Bros.*, Case No. 24-cv-5788-PCP; *Van Huisen v. Chief of Staff Navy*, Case No. 24-cv-7015-PCP; *Van Huisen v. United States House of Representatives*, Case No. 24-cv-7436-PCP.

[2] For Mr. Van Huisen's benefit, the Court notes that its dismissal means he cannot proceed on these claims and facts. If Mr. Van Huisen re-files the same claims in a new action, on the same facts, that action also will be dismissed for failure to state a claim. Every dismissal for failure to state a claim is a "strike" under the Prison Litigation Reform Act.

United States District Court
Northern District of California